1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTOINETTE NIMS,                        No.  2:15-cv-2541-EFB P

12               Plaintiff,

13        v.                                 ORDER GRANTING IFP AND DISMISSING
                                             COMPLAINT WITH LEAVE TO AMEND
14   RACHEL, et al.,

15               Defendants.

16

17        Plaintiff is a former county inmate proceeding without counsel in an action brought under

18   42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

19   forma pauperis pursuant to 28 U.S.C. § 1915[1], and a request for an extension of time.

20   **I.    Request for Extension of Time**

21        Plaintiff seeks an extension of time to "comply with all Local Rules" and to ensure that

22   "all filings and correspondence reflect the Defendants" listed in the complaint.  ECF No. 5.

23   Because currently there are no court-imposed deadlines to be extended, plaintiff's request is

24   denied as moot.

25   /////

26   /////

27   _____

28       [1] Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).
     Accordingly, the request to proceed in forma pauperis (ECF No. 7) is granted.

                                              1

1    **II.    Screening Requirement and Standards**

2            Federal courts must engage in a preliminary screening of cases in which prisoners seek

3    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7    relief."  *Id.* § 1915A(b).

8            A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15   U.S. 662, 679 (2009).

16           To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19   a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at

20   678.

21           Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28   /////

2

**III.    Screening Order**

In the complaint (ECF No. 1), plaintiff names the Sacramento County Sheriff, the Rio Cosumnes Correctional Center, and RN Rachel as defendants.   She claims that her Fourth and Eighth Amendment rights were violated based upon the following factual allegations:

> After being in jail for 9 days I was sent to RCCC.  A hour or so later I was removed from camellia dorm to holding.  I was strip searched again because I was wrongly accused of having drugs then I was sent to Ramona, where they gave me 20 days discipline for pushing [a] button.  After being isolated I started having suicidal thoughts.  They removed me, took my clothes, gave me a padded dress and put in a padded cell.  Then they transported me back to the main jail to be searched internally and serve discipline days.  My bowels haven't worked right since.  I don't use the restroom as usual anymore.  My bowels keep backing up.  If my complaint is accepted, I will submit a complete amended report to support my complaint.

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  To proceed, plaintiff must file an amended complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

3

1    Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*

2    *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

3    Any amended complaint must be written or typed so that it so that it is complete in itself

4    without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

5    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

6    earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

7    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

8    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

9    1967)).

10    The court cautions plaintiff that failure to comply with the Federal Rules of Civil

11    Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

12    *See* E.D. Cal. L.R. 110.

13    In addition, the court notes that the following legal standards may apply to plaintiff's

14    intended claims for relief.

15    To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

16    constitutional or statutory right; and (2) that the violation was committed by a person acting under

17    the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

18    930, 934 (9th Cir. 2002).

19    An individual defendant is not liable on a civil rights claim unless the facts establish the

20    defendant's personal involvement in the constitutional deprivation or a causal connection between

21    the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.*

22    *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

23    Plaintiff may not sue any official on the theory that the official is liable for the

24    unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

25    He must identify the particular person or persons who violated his rights.  He must also plead

26    facts showing how that particular person was involved in the alleged violation.

27    Moreover, a municipal entity or its departments is liable under section 1983 only if

28    plaintiff shows that his constitutional injury was caused by employees acting pursuant to the

4

1   municipality's policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274,

2   280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v.*

3   *Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Here, plaintiff fails to state a

4   claim against the Sheriff or the County Correctional Center because she has not sufficiently

5   alleged that she was injured as a result of employees acting pursuant to any policy or custom of

6   the County.  Local government entities may not be held vicariously liable under section 1983 for

7   the unconstitutional acts of its employees under a theory of respondeat superior.  *See Board of*

8   *Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

9         For purposes of the Fourth Amendment, searches of prisoners must be reasonable to be

10  constitutional.  *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010).  "The test of

11  reasonableness under the Fourth Amendment is not capable of precise definition or mechanical

12  application.  In each case it requires a balancing of the need for the particular search against the

13  invasion of personal rights that the search entails.  Courts must consider the scope of the

14  particular intrusion, the manner in which it is conducted, the justification for initiating it, and the

15  place in which it is conducted."  *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559, (1979)).

16        The Eighth Amendment protects prisoners from inhumane methods of punishment and

17  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

18  2006).  To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to

19  support a claim that prison officials knew of and disregarded a substantial risk of serious harm to

20  the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,

21  1128 (9th Cir. 1998).  Extreme deprivations are required to make out a conditions of confinement

22  claim, and only those deprivations denying the minimal civilized measure of life's necessities are

23  sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

24  503 U.S. 1, 9 (1992).  Prison officials "must provide humane conditions of confinement,"

25  including "adequate food, clothing, shelter, and medical care."  *Farmer*, 511 U.S. at 832-33.

26        To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

27  plaintiff must establish that he had a serious medical need and that the defendant's response to

28  that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

1    *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

2    treat the condition could result in further significant injury or the unnecessary and wanton

3    infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

4    delay or intentional interference with medical treatment or by the way in which medical care is

5    provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

6          To act with deliberate indifference, a prison official must both be aware of facts from

7    which the inference could be drawn that a substantial risk of serious harm exists, and he must also

8    draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

9    he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

10   to take reasonable measures to abate it."  *Id.* at 847.  A physician need not fail to treat an inmate

11   altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*,

12   884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

13   even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

14   *Id.*

15         It is important to differentiate common law negligence claims of malpractice from claims

16   predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

17   In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

18   support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

19   1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

20   F.3d 1051, 1057 (9th Cir. 2004).

21   **IV.    Summary of Order**

22         Accordingly, IT IS HEREBY ORDERED that:

23             1.  Plaintiff's request to proceed in forma pauperis (ECF No. 7) is granted.

24             2.  Plaintiff's request for an extension of time (ECF No. 5) is denied.

25             3.  The complaint is dismissed with leave to amend within 30 days.  The amended

26                 complaint must bear the docket number assigned to this case and be titled "First

27                 Amended Complaint."  Failure to comply with this order will result in dismissal of

28                 this action for failure to state a claim.  If plaintiff files an amended complaint

1    stating a cognizable claim the court will proceed with service of process by the

2    United States Marshal.

3    Dated:  August 22, 2016.

4                                    EDMUND F. BRENNAN

5                                    UNITED STATES MAGISTRATE JUDGE

7